UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| DUANE JENNINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-877 SEB-TAB |
| | ) | |
| FORD MOTOR COMPANY and ACH, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
ADOPTING THE REPORT AND RECOMMENDATION,
AND
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
(Docket Nos. 59 & 83)

The Magistrate Judge has filed his Report and Recommendation ("R&R") that Defendant's

Motion for Summary Judgment on Plaintiff's FMLA Complaint be denied.  For the following

reasons, Defendants' objections to the R&R are hereby OVERRULED and their Motion for

Summary Judgment is also DENIED.  We address below Defendant's objections *seriatum*.

**Objection #1**

Defendants' first objection is that, because Plaintiff dismissed all of  his claims against

Defendants that pre-dated October 1, 2005, the Magistrate Judge's R&R is in error to the extent that

it permitted Plaintiff's claims arising both before and after that date to proceed.

The R&R, however, does not so hold.  In fact, it expressly accepts this time limitation on

Plaintiff's claims, mentioning that fact in both Footnotes 1 and 5, which state, respectively, in

applicable part: "(O)n October 31, 2007, the parties stipulated to the dismissal of all claims against

1

Visteon Corporation . . . (and) to the dismissal of all claims against Ford and ACH that pre-date October 1, 2005." And: "(T)he time period for considering how Plaintiff was treated by Defendants begins October 1, 2005, because Plaintiff stipulated for dismissal of all claims against Ford and ACH that pre-date October 1, 2005." Therefore, this part of Defendants' objection is overruled..

Defendants also contend that Plaintiff's claim of post October 1, 2005, FMLA injuries survives because it reflects the continuing discriminatory effects of the July, 2005, directive of Visteon's Area Manager (Jerrell) is unfounded and is foreclosed by Plaintiff's prior voluntary dismissal of all his claims prior to October 1, 2005.

We are not persuaded by Defendants' objection, primarily because it is undisputed that Plaintiff stipulated to the dismissal of all claims against Ford and ACH *that pre-date October 1, 2005*, suggesting that he did not voluntarily relinquish his post-October 1, 2005 claims. To the extent he continued to suffer FMLA injuries, he is entitled to seek a recovery against Defendants. Further, because October 1, 2005, was the date on which Defendants took over ownership of the plant from Visteon, any alleged discrimination that Plaintiff may have experienced after October 1, 2005, occurred on Defendants' watch, and for that they may face possible liability.

Therefore, this objection in its entirety is overruled.

### Objection #2

Defendants' second objection is that the R&R failed to acknowledge as an undisputed fact that "any purported retaliatory statements made by current and former Visteon employees occurred outside any purported agency relationship with Defendants (and) are hearsay and therefore inadmissible."

The analysis of these allegedly inadmissible statements on the ground of hearsay is anything

2

but simple and straightforward.  We examine each of the proffered statements below.

Is the statement allegedly made by Ms. Jerrell, in her capacity as Area Manager for Visteon in July, 2005, which put in motion the discriminatory policy by which  Plaintiff and others were excluded from eligibility for overtime pay, as corroborated by the statements of other witnesses, admissible as statements by a party opponent, under Fed. R. Evid. 801(d)(2)(D)?

Ms. Jerrell's statement has been proffered by Plaintiff through the affidavit of Dave Newton, who was a supervisor working under Jerrell at the time the statements were allegedly made by Jerrell but who, at the time he executed his affidavit, was no longer employed by Visteon.  Ms. Jerrell's statement has also been proffered through the deposition of Jamie Sims, an hourly employee of Ford, who testified to statements allegedly made to him by Ashley Ryan, another former Visteon supervisor, who said that he (Ryan) was intentionally denying Plaintiff weekend overtime on September 30, 2005, presumably based on the directive from Ms. Jerrell.  Plaintiff seeks to have the statements of Mr. Newton and Mr. Sims inculpating Ms. Jerrell and Mr. Ryan admitted into evidence.

Defendants argue that all of these statements are inadmissible hearsay in violation of Fed. R. Evid. 801(d)(2) because at the time Jerrell made the alleged statement she was the agent of Visteon, not Ford, and, further, the Newton affidavit and the Sims deposition were made after the end of any purported agency relationship between him and the Defendants and thus were not statements by the party opponent, since neither Newton nor Sims had authority to speak on Ford's behalf.

Rule 801(d)(2) provides that an admission by party-opponent is not hearsay if "(t)he statement is offered against a party and is (A) the party's own statement, in either an individual or

a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or C) a statement by the party's agent, or subject, or (D) a statement by the party's agent, or servant concerning a matter within the scope fo the agency or employment, made during the existence of the relationship, ...".

The Magistrate Judge held, "The relevant inquiry in determining whether a statement is not hearsay because it is made by a party opponent is the status of the person to whom the statements are attributed, not the person repeating the statement."  In addition, he determined that both Jerrell and Ryan were employed by Visteon, not Ford, but that Visteon acted as an agent for Ford "by managing Ford's employees on Ford's behalf, and as an agent for ACH by managing the operation of the plant owned by ACH."  "Therefore," he concluded, "these statements made by employees of Visteon in their representative capacities of Visteon and arguably for Ford and ACH, do not fall within the definition of hearsay according to Federal Rule of Evidence 801(d)(2).

We come to the same conclusion as that reached by the Magistrate Judge but by a slightly different route, namely, we hold that the statements attributed to Jerrell and Ryan and Durbin may, in fact, be admitted as evidence through the testimony of Newton and/or Sims as statements by agents of Defendants concerning a matter within the scope of their employment, and during the existence of their employment relationship, assuming the evidence establishes the agency relationship with Ford and ACH and also shows that those statements occurred prior to October 1, 2005, OR if it can be shown that, after October 1, 2005, Defendants manifested their adoption of their agents' statements, even if at the time they were made, each of these declarants was not the party's agent and the statements were not made during the existence of or in furtherance of the employment relationship.  Rule 801(d)(2)(B).

4

To elaborate,  Newton's affidavit attributes Jerrell's statements as having been made "(i)n at least one meeting after the summer shutdown in July 2005 and (his) being moved off the PN-150 line in or about August 2005."  During this time, Newton says he recalls Jerrell announcing this policy about denying weekend overtime to employees who missed work days Monday through Friday.   According to Newton, Supervisors Ryan and Durbin were both present at that meeting.  Clearly, because it is undisputed that Defendants did not assume ownership of the Plant until October 1, 2005, at the time when the alleged policy directive was made by Jerrell, no agency relationship existed between her and Defendants.

Mr. Sims, an hourly employee of Ford who also worked on the D-219 line where Plaintiff worked, testified by deposition that his supervisor, Dean Durbin, appeared "agitated" at some point in time after Ms. Jerrell had issued her policy directive, and Mr. Durbin explained to Sims the basis for his agitation as being his disagreement with Ms. Jerrell's position on the matter of FMLA leave.  The deposition excerpt, as best we could tell, did not pinpoint the time when Mr. Durbin made these statements to Mr. Sims, but the reasonable assumption is that it would have occurred at or shortly after the late summer policy directive was issued, which, again, would have been prior to October 1, 2005.  Sim's testimony attributed similar concerns being expressed by Mr. Ryan, another supervisor at the time.

The Magistrate Judge construed the facts adduced by the parties on the basis of  the link between Visteon and the Defendants, noting that the role played by Visteon in managing Ford's employees on Ford's behalf and Visteon's role as agent for ACH in managing the operation of the plant owned by ACH made the statements of Visteon's employees attributable to Ford as well.  Visteon's supervisory employees, he ruled, were linked to Defendants based on Visteon's agency

relationship with Defendants thereby making the statements and actions of Visteon's supervisory employees attributable to Ford and ACH. What is missing from this analysis, however, is another fact issue, to wit, whether those employees were as a matter of fact actually agents of Defendants. We cannot make that determination on the record before us. Clearly, if Jerrell and Ryan were not agents – indirectly or derivatively – of Ford and ACH, there statements would not come in under 801(d)(2)(D).

However, the evidence may alternatively establish that Ford and ACH adopted the statements and resultant policies of Jerrell, Durbin and Ryan after October 1, 2005, in which event their statements could come in through Sims and Durbin, as against Ford and ACH. Rule 801(d)(2)(B), Fed. R. Evid..

In conclusion, disputes remain as to the material facts relating to the agency relationships, the timing of the statements by Jerrell and Ryan, and whether the Defendants adopted the pre-October 1, 2005, statements made by Visteon employees, Jerrell and Ryan, after Ford took over the plant operations from Visteon . We overrule Defendants' second objection, accordingly, and deny summary judgment on this basis as well.

### Objection #3

Defendants' third objection is premised on what they characterize as the uncontroverted evidence establishing that Plaintiff was treated no less favorably than employees on his line who did not use FMLA leave. This objection incorporates Defendants' additional claim that another employee, Tashonda Bowie, who also worked on the D-219 Line, was assigned overtime in weeks she used intermittent FMLA leave.

This objection is inextricably intertwined with a variety of factual determinations, as

6

extensively discussed by the Magistrate Judge in his R&R, regarding whether Plaintiff's FMLA rights were interfered with or whether he was retaliated against in ways that can be tied to his exercise of his FMLA rights.  The policy determinations that informed the supervisors' choices as to who they would allow to work overtime work schedules and thereby accrue additional wage benefits can not be accurately and authoritatively sorted out without a full opportunity for the jury to assess the credibility of the witnesses.  We will not usurp the jury's responsibility in that regard by a grant of summary judgment on facts as nuanced and complex as the ones presented here.

## **CONCLUSION**

For the above explicated reasons, Defendants' Objections to the Magistrate Judge's Report and Recommendation are hereby OVERRULED and the Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Date:   09/30/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

7

Copies to:

Sneha  Channabasappa
WALLER LANSDEN DORTCH & DAVIS LLP
sneha.channabasappa@wallerlaw.com

Stanley E. Graham
WALLER LANSDEN DORTCH & DAVIS PLLC
stan.graham@wallerlaw.com

Raymond J. Hafsten Jr.
hafsten@sbcglobal.net

Kenneth E. Lauter
HASKIN LAUTER  & LARUE
klauter@hlllaw.com

Christopher S. Wolcott
HASKIN LAUTER  & LARUE
cwolcott@hlllaw.com